UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GEORGE JOSEPH RAUDENBUSH, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-cv-00625-PLR-DCP |
| MONROE COUNTY, TENNESSEE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 138] of the Chief District Judge.

Now before the Court is Plaintiff's Application to Appeal In Forma Pauperis ("Application") [Doc. 137]. Plaintiff seeks to appeal the Chief District Judge's findings regarding (1) the Summary Judgment Opinion [Doc. 133] and (2) Plaintiff's Motion for Reconsideration [Doc. 117]. Accordingly, for the reasons explained below, the Court **RECOMMENDS** Plaintiff's Application [**Doc**. **137**] be **DENIED**.

**I.    ANALYSIS**

Federal Rule of Appellate Procedure 24(a)(1) provides that a party in a civil action "who desires to appeal in forma pauperis must file a motion in the district court." In addition, Rule 24(a)(2) states, "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise." Fed. R. App. P. 24(a)(2). "If the district court denies the motion, it must state its reasons in writing." *Id.*

Further, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The Court has reviewed the instant Application, and Plaintiff's financial status enables him to proceed in forma pauperis. However, the Court finds that Plaintiff's appeal is not taken in good faith. *See Shepard v. Morvzin*, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (explaining that an appeal that 'lacks an arguable basis either in law or in fact' would not be taken in good faith") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

First, Plaintiff appeals the Chief District Judge's findings in the summary judgment opinion. Particularly, Plaintiff contends the Chief District Judge relied on "false and misleading information" in Plaintiff's criminal case. [Doc. 137-1 at 10]. Secondly, Plaintiff appeals the Chief District Judge's denial of Plaintiff's Motion for Reconsideration [Doc. 117]. Specifically, Plaintiff argues the Court should have allowed him more time to respond to Defendants' Motions for Summary Judgment [Docs. 106, 110]. For the following reasons, Plaintiff's appeals have no arguable basis in law or fact.

### A. Summary Judgment Opinion

First, the facts of this case establish Defendants did not use excessive force by breaking Plaintiff's car window when placing him under arrest because Plaintiff failed to comply with Defendant Millsaps's lawful demands and proceeded to speed away from the officer. [Doc. 133 at 10]. The law is clear that a plaintiff cannot bring a § 1983 action which challenges the validity of a state criminal conviction unless such conviction has since been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Plaintiff was convicted of evading arrest, reckless endangerment, and assault, and those convictions have not since been invalidated.

Further, collateral estoppel precludes Plaintiff from raising the issue of whether his arrest was unlawful. As the Chief District Judge stated, Plaintiff was "found guilty of speeding, reckless endangerment, simple assault, evading arrest with risk of death, violation of Financial Responsibility, and driving on a suspended license." [Doc. 133 at 13]. Thus, whether Plaintiff's arrest was lawful had already been decided, so collateral estoppel precludes re-litigating that issue.

In addition, the Chief District Judge found Plaintiff did not adequately plead a claim for conspiracy under 42 U.S.C. §§ 1985 and 1986 because his Complaint contained conclusory allegations without any factual support. Further, Plaintiff cannot assert a substantive due process claim for excessive force under the Fourteenth Amendment because the Fourth Amendment governs that claim. Likewise, the Chief District Judge found Defendants did not retaliate against Plaintiff for exercising his right to oppose police action because Defendant Millsaps had probable cause to arrest Plaintiff. [*Id.* at 19].

Further, the facts of this case fail to establish that Defendants denied Plaintiff medical care. Officer Bivens accompanied Plaintiff to the hospital where Plaintiff received care for his injured finger. Likewise, the jail medical staff consistently provided Plaintiff medical care as necessary. In addition, the jail conditions during Plaintiff's incarceration did not violate the Fourteenth or Eighth Amendments because the record showed that the jail provided Plaintiff with adequate accommodations, and his complaints about living conditions were "no more than temporary inconveniences." [*Id.* at 23]. Finally, with respect to Plaintiff's remaining state law claims, the Chief District Judge declined to exercise supplemental jurisdiction over such claims and dismissed them without prejudice. [*Id*. at 26]. Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction".

3

### B. Motion for Reconsideration

As mentioned above, Plaintiff appeals the Court's order [Doc. 117] denying him an additional sixty (60) days to respond to Defendants' Motions for Summary Judgment. After Defendants filed their Motions for Summary Judgment [Docs. 106, 110], Plaintiff filed a Motion for Extension of Time [Doc. 115] requesting an additional sixty (60) days to respond to Defendants' Motions for Summary Judgment. In that Motion, Plaintiff emphasized that Defendants' Motions were lengthy and that he lacks the resources and legal training of Defendants' attorneys to respond within the time required by the Court. *See* E.D. Tenn. L.R. 7.1(a) (stating parties have twenty-one (21) to respond to dispositive motions unless the Court orders otherwise). The Chief District Judge granted Plaintiff's Motion for additional time, but allowed Plaintiff only an additional twelve (12) days to respond. In reaching that decision, the Chief District Judge recognized Plaintiff's disadvantageous situation, but emphasized that this case had been ongoing for several years and that it needed to "move forward." [Doc. 116].

While Plaintiff has no legal training, Plaintiff had thirty-three (33) days to respond to Defendants' Motions. This additional time was sufficient for Plaintiff to respond effectively to Defendants' Motion, especially considering the extensive time this case has been pending in this Court. Furthermore, Defendants' Motions were based on the same factual background as Plaintiff's criminal case. Therefore, Plaintiff should be considerably familiar with the facts of this case and not need the substantial additional time he requested.

## II.   CONCLUSION

Given the above findings by the Chief District Judge, the undersigned does not find Plaintiff's appeal to be in good faith, and therefore, the Court **RECOMMENDS**[1] that the Application to Appeal In Formal Pauperis [**Doc. 137**] be **DENIED**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).